NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LOGAN BERRY, Jr., | No. 21-16943 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-00470-MMD-WGC |
| v. | |
| KYLE OLSEN; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted July 19, 2023[**]
San Francisco, California

Before: SILER,[***] WARDLAW, and M. SMITH, Circuit Judges.

Petitioner Robert Logan Berry, Jr. appeals the district court's denial of his 28

U.S.C. § 2254 petition, which challenges his conviction in Nevada state court for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

attempted robbery. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the adjudication: was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). "Clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The Nevada Supreme Court's determination that Nevada had jurisdiction over Berry's offense was not an unreasonable application of clearly established federal law. At the time the Nevada Supreme Court made its decision, it was clear that "[s]tates have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country." *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2494 (2022)[1] (describing the holding of *United States v. McBratney*, 104 U.S. 621, 623–

---

[1] The Nevada Supreme Court affirmed Berry's conviction in October 2015. Accordingly, in our analysis pursuant to AEDPA, we do not apply the holding of *Castro-Huerta*, which was decided in 2022. *See* 142 S. Ct. at 2504–05 (holding that

2

624 (1882)); *see also United States v. Antelope*, 430 U.S. 641, 643 n.2 (1977) ("[A] non-Indian charged with committing crimes against other non-Indians in Indian country is subject to prosecution under state law."). In this case, the Nevada Supreme Court reasonably determined that Berry (a non-Indian) was charged with committing a crime against the non-Indian clerk of a gas station located in Indian country, and thus Nevada had jurisdiction over his criminal proceedings.[2]

Berry argues that *McBratney* permits state jurisdiction only over offenses that do not *affect or involve* Indians, and because the gas station where his crime took place was owned by tribal members, *McBratney* does not apply. To support this interpretation, Berry cites Supreme Court cases describing *McBratney* as limiting state jurisdiction to "Indian country crimes *involving* only non-Indians, *Duro v. Reina*, 495 U.S. 676, 680 n.1 (1990) (emphasis added), or "crimes between whites and whites which do not *affect* Indians," *People of State of N.Y. ex rel. Ray v. Martin*, 326 U.S. 496, 500 (1946) (emphasis added). Berry argues that his reading is also supported by the Court's holding that federal jurisdiction extends to crimes "against

---

states have concurrent jurisdiction with the federal government over crimes by non-Indians against non-Indians in Indian country).

[2] The Nevada and federal robbery statutes both define the crime as against the *person* of another. Nev. Rev. Stat. § 200.380(1) (defining robbery as "the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury"); 18 U.S.C. § 2111 (criminalizing the use of "force and violence, or by intimidation, [to] take[] or attempt[] to take from the person or presence of another anything of value.").

the Indians or *against their property*" in *United States v. Chavez*, 290 U.S. 357, 365 (1933) (emphasis added).

However, in none of these cases did the Court hold that a crime by a non-Indian against a non-Indian that "affected or involved" Indians was not subject to state jurisdiction under *McBratney*. In *Duro* and *Martin*, the cited language is dicta and does not provide "clearly established law" for purposes of AEDPA review. *See Williams*, 529 U.S. at 412. And in *Chavez*, the Court held that the federal government had jurisdiction over a non-Indian's theft of pueblo livestock—a crime *directly against* Indians (and Indian property), not merely affecting or involving Indians. *See* 290 U.S. at 359.

Under a straightforward reading of *McBratney*, the Nevada Supreme Court's determination was not unreasonable because the gas station clerk was non-Indian. *See* 104 U.S. at 624. Accordingly, Berry has not met his burden under AEDPA. **AFFIRMED.**

4